IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**SHAWN DAVIS,**  CASE NO. 2:10-cv-471
 CRIM. NO. 2:06-cr-136

    **Petitioner,**

 JUDGE FROST

**v.**

**UNITED STATES OF AMERICA,**

    **Respondent.**

## REPORT AND RECOMMENDATION

On April 14, 2010, Shawn Davis, a federal prisoner, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241 in the United States District Court for the Eastern District of Kentucky, the federal judicial district within which petitioner is imprisoned. In an order filed on May 26, 2010, the case was transferred to this Court because the Kentucky federal court concluded that petitioner's claims were more properly heard in the district where sentence was imposed. This Court subsequently issued a show cause order. The United States responded to the petition on June 9, 2010, and petitioner filed a traverse on June 23, 2010. For the following reasons, it will be recommended that the petition be **DENIED**.

### I. PROCEDURAL HISTORY AND FACTS

On May 31, 2006, the United States filed an information charging petitioner with one count of possession of cocaine with the intent to distribute, and one count of the possession of a firearm in furtherance of a drug trafficking crime. Petitioner waived indictment and

subsequently pleaded guilty to the information. He was then sentenced to a term of imprisonment of twelve months on the drug trafficking count and 60 months of imprisonment on the firearms count, to be served consecutively. Terms of supervised release and special assessments were also imposed. The Judgment and Conviction entry was filed on October 10, 2006.

According to the petition, the facts underlying the firearm conviction, which was charged under 18 U.S.C. §924(c), were that petitioner received the pistol in question as barter for a drug transaction. The weapon was found during a search of petitioner's home, conducted while petitioner was elsewhere. Initially, petitioner was charged with possession of a firearm by a convicted felon, but that charge was altered to a §924(c) charge when the information was filed. For reasons more fully set forth below, petitioner claims that, under the Supreme Court's decision in *Watson v. United States*, 552 U.S. 74 (2007), these facts do not support a §924(c) conviction.

In its response, the United States does not specifically take issue with petitioner's version of the facts. Instead, it argues that the petition is not timely, and that even if the Court were to excuse the late filing of the petition, the claim contained in the petition lacks merit.

## II. PETITIONER'S CLAIM

In 2007, after petitioner's conviction became final, the United States Supreme Court issued a decision in a case entitled *Watson v. United States*, 552 U.S. 74 (2007). The defendant in that case, Michael A. Watson, negotiated the purchase of a semi-automatic

pistol from someone who turned out to be an undercover law enforcement agent. Watson paid for the weapon with OxyContin tablets. He was arrested and charged with "using" the pistol during and in relation to a drug trafficking crime, namely the distribution of the OxyContin tablets to the undercover officer. He pleaded guilty and was sentenced on both counts, receiving a 60-month consecutive sentence on the firearms count, which, like the one involved in this case, was charged under 18 U.S.C. §924(c).

On appeal, Watson argued that trading a firearm for drugs did not constitute the "use" of a firearm and therefore did not violate §924(c), which provides for criminal penalties to be assessed against "any person who, during and in relation to any ... drug trafficking crime ... uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm ...." The Courts of Appeals were divided over the question of whether bartering a firearm for drugs fell within the statutory prohibition against "using" a firearm. In resolving the issue in Watson's favor, the Supreme Court held that a person who receives a firearm in exchange for drugs has not "used" the firearm as part of that transaction. While the seller of the firearm may have used it to get drugs, the purchaser used the drugs to get the firearm, and did not "use'" the firearm simply by obtaining it, no matter how it was paid for. Although the Court overturned Watson's conviction because he had been charged only with the use of a firearm in relation to a drug trafficking crime, the Supreme Court did not address the question of whether he could have been convicted for possessing the firearm "in furtherance of" such a crime, language added to §924(c) in 1998. *United States v. Watson*, 552 U.S. at 83.

Here, petitioner asserts that his situation is indistinguishable from Watson's. He, too, obtained the firearm in question as a result of a drugs-for-gun trade. Thus, he asserts that he was found guilty on the basis of facts that do not constitute a crime, and the conviction and sentence on the §924(c) count must be vacated. Were that to occur, he would be eligible for immediate release from prison because he has already served more than the twelve months imposed on the drug trafficking count.

### III.  THE STATUTE OF LIMITATIONS

There may be some question about whether petitioner is proceeding under 28 U.S.C. §2241, the general habeas corpus statute, or 28 U.S.C. § 2255, which provides a mechanism for federal prisoners to seek vacation of their conviction and sentence from the court which sentenced them. . Section 2255 provides:

> A one-year period of limitations shall apply to a motion under this section. The limitations period shall run from the latest of-
>
> (1) the date on which the judgment of the conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."

As far as actions filed under §2241 are concerned, there is no statute of limitations if the petitioner is a federal, rather than a state, prisoner, if the petitioner is actually entitled to proceed under that section rather than under §2255. *See Morales v. Bezy*, 499 F.3d, 668, 672

4

(7th Cir. 2007).

This case is, in all likelihood, a §2255 petition. It attacks the imposition of sentence for a crime for which, according to petitioner, he could not properly have been convicted. The circumstances under which a conviction and sentence can be challenged under §2241 are quite limited. *See Gorley v. Snyder*, 27 Fed. Appx. 464 (6th Cir. November 2, 2001), *citing Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999). By statute, those circumstances are limited to the situation where the remedy under §2255 is inadequate or ineffective.

Most courts which have allowed a petitioner raising a *Watson* claim to proceed under §2241 involve the situation where the petitioner has already filed one petition under §2255, so that any subsequent §2255 petition filed in a district court raising the *Watson* claim would be jurisdictionally barred, *see, e.g., Neal v. Francis*, 2008 WL 2704520 (N.D. W.Va. July 3, 2008), although others have construed such a claim as a petition for a writ of *coram nobis* actionable under the All Writs Act, 28 U.S.C. §1651. *See Outlaw v. Craig*, 2010 WL 454925 (S.D. W.Va. February 2, 2010). Because the petitioner in this case did not file a prior §2255 petition, the usual rationale for allowing the case to proceed under §2241 is lacking, and it is not clear that if the Court were to find that the statute of limitations applicable to §2255 petitions would otherwise bar this claim, the §2255 remedy could be deemed ineffective. However, because petitioner's claim so clearly lacks merit, the Court will assume without deciding that the claim is not time-barred and will not rely on the statute of limitations as a basis for denying relief.

The Court also notes that, in his traverse, petitioner questions this Court's ability to

rule on the merits of his claim, and argues that the case must be re-transferred to the Eastern District of Kentucky because a §2241 petition must be filed in the judicial district where the petitioner and his custodian are physically present. *See* 28 U.S.C. 2241(a); *Martin v. Perez*, 319 F.3d 799, 802 (6th Cir. 2003) ("A petition for habeas corpus must be filed in the district court that has jurisdiction over a prisoner's place of confinement"). However, even assuming that this is a §2241 action, the Court's subject matter jurisdiction over a case filed pursuant to 28 U.S.C. §2241 is not in question. Rather, the issue raised by the transfer, and by petitioner's response, is whether the Court has personal jurisdiction over the petitioner's custodian. *See United States ex rel. Rudick v. Laird*, 412 F.2d 16, 20 (2d Cir. 1969); *see also Gill v. Imundi*, 715 F.Supp. 592, 594 (S.D.N.Y. 1989) ("in order to entertain a habeas corpus action, a court must have personal jurisdiction over the custodian"). Justice Kennedy has expressed the same view. *See Rumsfeld v. Padilla*, 542 U.S. 426, 451 (2004) (Kennedy, J., concurring) ("In my view, the question of the proper location for a habeas petition is best understood as a question of personal jurisdiction or venue"). Personal jurisdiction, unlike subject matter jurisdiction, can be waived. *See Smith v. Idaho*, 392 F.3d 350, 355-56 (9th Cir. 2004). Here, the originally-named respondent, J.C. Holland, Warden, has not raised any objection to this Court's exercise of personal jurisdiction over him following the transfer. Under these circumstances, there is no jurisdictional obstacle to the Court's ability to decide the case.

### IV. THE MERITS

This case really begins and ends with the factual scenario underlying petitioner's

conviction on the §924(c) count. Petitioner argues that the sole basis for his conviction was the fact that he obtained the pistol seized from his home during the search in exchange for drugs. However, that does not appear to have been the basis for this charge.

As petitioner's counsel represented in the sentencing memorandum filed in this Court, "[t]he relevant conduct consists fo 53.4 grams of cocaine and 18.98 grams of marijuana that were found in a safe in Davis's residence when a search warrant was executed on August 16, 2004. Additionally, a pistol was found in the safe with the narcotics; this served as the factual predicate to satisfy the 'in furtherance element' of 18 U.S.C. §924(c)." Defendant Shawn Davis's Sentencing Memorandum, Doc. #19, at 3. The circumstances under which petitioner came into possession of the pistol were not the basis of his §924(c) conviction. The possession of the firearm to which he pleaded guilty occurred not on the date he obtained it (whatever date that might have been), but on the date the gun was found in his residence (along with the narcotics found in the same safe). That is how the information reads, and that is what petitioner pleaded guilty to.

Further, as the United States notes, petitioner was never charged with **using** a firearm in relation to a drug trafficking offense; he was charged with **possessing** one in furtherance of such an offense. As noted above, the Supreme Court, in *Watson*, specifically declined to comment on whether a defendant who came into possession of a firearm by trading drugs for it could properly be charged with possessing (rather than "using") a firearm in relation to a drug trafficking offense. That was not the charge to which Watson had pleaded guilty, and it was not the issue raised on appeal. Thus, *Watson* is simply

inapplicable to this case.

Finally, as the United States also argues, even if petitioner had been charged with possessing a firearm in relation to the drug trafficking offense through which he obtained the pistol, under the law of this and other circuits, that charge would be proper. In *United States v. Frederick*, 406 F.3d 754, 764 (6th Cir. 2005), the Court of Appeals did address the issue of whether "the acquisition of a firearm in exchange for drugs is a sufficient 'specific nexus' between the drugs and the guns to constitute possession 'in furtherance of a drug sale'" and concluded that it was. Thus, the court upheld the defendant's conviction for possessing a firearm in relation to or in furtherance of a drug trafficking offense - the same crime to which petitioner pleaded guilty here. Although *Frederick* was decided prior to *Watson*, it remains the law of this circuit, and the continued vitality of its reasoning even after *Watson* has been recognized by other courts. *See, e.g., United States v. Gardner*, 602 F.3d 97, 102 (2d Cir. 2010); *see also United States v. Gurka*, 605 F.3d 40 (1st Cir. 2010); *United States v. Doody*, 600 F.3d 752 (7th Cir. 2010). In fact, no Court of Appeals has reached the opposite conclusion. For all of these reasons, petitioner's *Watson* claim lacks merit.

## V. RECOMMENDED DISPOSITION

For all of the foregoing reasons, it is recommended that the petitioner's motion to vacate his conviction and sentence be **DENIED**.

## VI. PROCEDURE ON OBJECTIONS

If any party objects to this *Report and Recommendation*, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written

objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985);*United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

/s/ Terence P. Kemp  
United States Magistrate Judge